JOHN S. WORDEN
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415-653-3750
Facsimile:    415-653-3755

Attorneys for Plaintiffs
CURRAX PHARMACEUTICALS LLC and NALPROPION
PHARMACEUTICALS LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURRAX PHARMACEUTICALS LLC and NALPROPION PHARMACEUTICALS LLC<br><br>Plaintiffs,<br><br>v.<br><br>FOUND HEALTH INC. F/K/A TORCH RX, PIPPEN HEALTH OF CALIFORNIA, P.C., PIPPEN HEALTH OF DELAWARE, P.A. , PIPPEN HEALTH OF TEXAS, P.A., and PIPPEN HEALTH OF NEW JERSEY P.A.<br><br>Defendant. | Case No. 3:23-cv-00977-WHO<br><br><br>**AMENDED COMPLAINT**<br>**DEMAND FOR JURY TRIAL**<br><br>Date: 01/19/2024<br><br>Trial Date: 04/07/2025 |

Plaintiffs, Currax Pharmaceuticals LLC ("Currax") and Nalpropion Pharmaceuticals LLC ("Nalpropion") (collectively, Plaintiffs), for their Complaint against Defendants Found Health Inc. f/k/a Torch Rx ("Found"), Pippen Health of California, P.C. ("Pippen California"), Pippen Health of Delaware, P.A. ("Pippen Delaware"), Pippen Health of Texas, P.A. ("Pippen Texas"), and Pippen Health of New Jersey, P.A. (Pippen New Jersey) (collectively, the "Pippen Defendants") hereby allege as follows:

## NATURE OF THE ACTION

1.       Plaintiffs bring this action challenging Found's false designation of origin, false advertising, trademark infringement, and unfair competition.   Plaintiffs seek damages and injunctive relief for Found's willful infringement of Plaintiffs' federally registered trademarks in

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

the Contrave® brand and false advertising using the same, because such use is likely to: (1) cause confusion as to the affiliation, connection, association, origin, sponsorship, and/or approval of Found's goods and services with those of Plaintiffs; and (2) mislead consumers into believing that the material characteristics of Found's weight loss products are the same or equivalent to Contrave®. These actions constitute trademark infringement, false designation of origin, false advertising, and unfair competition in violation of Sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)) and California Business and Professions Code §§ 17200 and 17500 et seq.

2.    Plaintiffs also bring this action against the Pippen Defendants for their role for adding and abetting Found's trademark infringement, false designation of origin, false advertising, and unfair competition in violation of Sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)) and California Business and Professions Code §§ 17200 and 17500 et seq.

3.    Found has further violated California Business and Professions Code § 17200 by promoting certain of its products for off-label use for weight management. These actions are a violation of California's Sherman Food, Drug, and Cosmetic Law (the "Sherman Law"), which makes it "[i]t is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any drug or device that is misbranded." Cal. Health & Safety Code § 111440. Accordingly, the Sherman Law dictates that "[i]t is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded." *Id*. § 110398. Found's violations of these prohibitions constitutes unlawful acts and practices and unfair competition in violation of California Business and Professions Code § 17200.

4.    Found and Pippen Defendants have further violated California Business and Professions Code § 17200 by participating in the corporate practice of medicine ("CPOM") in violation of California law. California Business and Professions Code § 2052(a) states that "any person who practices or attempts to practice, or who advertises or holds himself or herself out as practicing…[medicine]…without having at the time of so doing a valid, unrevoked, or unsuspended certificate…is guilty of a public offense." California Business and Professions Code 2052(b) states further that "[a]ny person who conspires with or aids or abets another to commit

1  any act described in subdivision (a) is guilty of a public offense." Found and Pippen Defendants'

2  violations of these prohibitions constitutes unlawful acts and practices and unfair competition in

3  violation of California Business and Professions Code § 17200.

4  ### PARTIES

5  Plaintiffs

6      5.    Plaintiff, Currax, is a corporation organized and existing under the laws of the State

7  of Delaware, having a principal place of business located at 155 Franklin Road, Suite 450,

8  Brentwood, Tennessee 37027.

9      5.    Plaintiff, Nalpropion, is a corporation organized and existing under the laws of the

10  State of Delaware, having a principal place of business located at 9171 Towne Centre Drive, Suite

11  270, San Diego, CA 92122.

12      6.    Plaintiffs are in the business of providing patient-first pharmaceutical services

13  focused on the number one and number two causes of preventable death in the United States:

14  smoking and obesity.

15      7.    Plaintiff, Nalpropion, is the owner of the Contrave® Trademarks (as defined

16  herein), and Plaintiff Currax is the exclusive manufacturer and distributor of the FDA-approved

17  weight-loss medication Contrave®, among other products and services.

18      8.    Plaintiffs' Contrave® brand enjoys a valuable reputation and enormous goodwill

19  in the weight loss industry. For over eight years, Contrave® Trademarks have been used as source

20  identifiers in commerce in connection with weight loss products.

21  Found

22      9.    Found is a Delaware corporation with a principal place of business located in San

23  Francisco, California.

24      10.    Found describes itself as the largest weight loss clinic in the United States.

25      11.    Found is in fact an online telemedicine provider focused on weight management.

26      12.    Found's business, among other things, involves selling subscriptions to an online

27  weight loss program providing nutritional tips, lifestyle coaching, and medication.

28

13.    Upon information and belief in marketing its program, Found uses products that Found and its agents describe as Contrave®, equivalent to Contrave®, or a Contrave® generic.

<u>Pippen Defendants</u>

14.    Defendant, Pippen Health of California, P.C., is a California professional corporation with a principal place of business in California.

15.    Defendant, Pippen Health of Delaware, P.A., is a Delaware professional association.

16.    Defendant, Pippen Health of Texas, P.A., is a Texas professional association.

17.    Defendant, Pippen Health of New Jersey, P.A., is a Texas professional association.

## JURISDICTION

18.    This court has subject matter jurisdiction over Plaintiffs' Lanham Act claims under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as those claims are part of the same case or controversy as the federal claims alleged herein.

19.    Personal jurisdiction is proper in this judicial district because Found's principal place of business is in the state of California.

20.    Personal jurisdiction is proper because Pippen California's principal place of business is in the state of California.

21.    Personal jurisdiction is proper because, upon information and belief, Pippen Delaware has aided and abetted Found's violation of California law in California and independently participated in activities within the state that violate California law.

22.    Personal jurisdiction is proper because, upon information and belief, Pippen Texas has aided and abetted Found's violation of California law in California and independently participated in activities within the state that violate California law.

23.    Personal jurisdiction is proper because, upon information and belief, Pippen New Jersey has aided and abetted Found's violation of California law in California and independently participated in activities within the state that violate California law.

24.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(3).

## FACTS

### Plaintiffs' Contrave® Weight Loss Product

25.     Contrave® is an FDA-approved prescription weight-loss medication for use in adults with a body mass index (BMI) of 30 kg/m2 or greater, or adults with a BMI of 27 kg/m2 or greater with at least one weight-related medical problem such as high blood pressure, high cholesterol, or type 2 diabetes.

26.     Contrave® works by targeting two areas of the brain that cause hunger and cravings.  The first, the hunger center of the brain (hypothalamus) can increase hunger, telling you to eat again or eat more.  The second, the mesolimbic circuit or reward system of the brain, can create cravings that seem uncontrollable even when you are not hungry.

27.     Contrave® has been studied and approved for efficacy and safety in several clinical trials.  Three different clinical studies showed that patients taking Contrave®, along with diet and exercise, lost 2x-4x more weight than with diet and exercise alone.  Contrave® is in fact the only combination of Naltrexone and Bupropion that has passed any clinical trials for weight loss safety and efficacy and the only one approved by the FDA for such use.

28.     Contrave's® proven safety and efficacy helped it become the #1 branded prescription oral non-DEA-controlled weight loss medication in 2022.[1]

29.     Contrave® is a single tablet extended-release combination of 90 mg of Bupropion HCI and 8 mg of Naltrexone HCI that together reduce hunger and control cravings to help people lose weight and keep it off.

30.     Naltrexone and Bupropion are available separately in different strengths for different indications.  Individually, Naltrexone is an opioid antagonist approved to treat alcohol or opioid use disorders.  Individually, Bupropion is used to treat depression, seasonal affective disorder, and smoking cessation.

---

[1] Based on the number of prescription fills for a brand name weight-loss drug in the IQVIA database July 2021-June 2022.

31.    Bupropion is not available individually in the same 90 mg dosage strength that each Contrave® tablet contains.  Naltrexone is not available individually in the same 8 mg dosage strength that each Contrave® tablet contains.  Nor is Naltrexone available individually as a sustained-release tablet.  Individual Naltrexone tablets thus do not have the same release profile as Contrave®.

### Contrave® Trademarks

32.    Plaintiffs have built a longstanding reputation in the healthcare industry for producing safe, quality, and effective medications for treating sleeping disorders, migraines, and obesity.

33.    In the weight management industry, Plaintiffs have been particularly successful in building their branded weight loss medication, Contrave®, to become the #1 branded prescription oral non-DEA-controlled weight loss medication.

34.    As a result of Plaintiffs' longstanding efforts of investing in research, development, testing, clinical trials, and the FDA approval process, Contrave® now stands as the only FDA approved prescription medication combining Naltrexone and Bupropion for weight loss.

35.    Plaintiffs' effort has not gone unnoticed.  The Contrave® brand is well known in the weight management community and has earned a strong customer base with its reputation for safety and efficacy.

36.    To protect the investment, Plaintiffs have acquired trademarks covering pharmaceutical products and services for the treatment of obesity, collectively referenced herein as the ("Contrave® Trademarks").  True and correct copies of the Contrave® Trademarks and relevant assignments are attached within Exhibit A.

37.    The following Contrave® Trademarks protect Plaintiffs' product:

| Trademark Registration No. | Trademark Description | Goods and/or Services | First Use in Commerce Date |
|---|---|---|---|
| 3,393,576 | CONTRAVE (standard | Pharmaceutical preparation | 10/02/2007 |

| | character mark) | for treatment of obesity | |
|---|---|---|---|
| 5,181,874 | CONTRAVE (word mark) | Pharmaceutical preparation for treatment of obesity; printed materials concerning weight management; medical information services in the field of weight management | 09/2014 |
| 5,586,961 | GET CONTRAVE NOW (word mark) | Online pharmaceutical advice | 12/14/2016 |

38. One or more of the Contrave® Trademarks have appeared continuously on all authentic Contrave® medications sold by Plaintiffs and in all advertisements and promotions concerning the same.

39. Because of Contrave's® longstanding popularity, singular position as the only FDA approved prescription drug in its category, and Plaintiffs' longstanding extensive use of the Contrave® Trademarks on goods and services of superior quality, Plaintiffs have developed substantial goodwill and an enviable reputation as the exclusive source of Contrave®.

40. The Contrave® Trademarks are entitled to the highest level of protection under U.S. law.

41. An example of the Contrave® Trademarks appearing in the marketplace can be found on its website[2], including within the domain itself, and on its product labeling as pictured below:

---

[2] https://contrave.com.

 

**Found's Telemedicine Business**

42. Found owns and operates the self-described largest weight loss clinic in the United States.

43. Upon information and belief, Found is in fact an online telemedicine provider focused on weight management.  *See* https://support.joinfound.com/test-article-2-HylZ7o_Bd .

44. Found's business model involves a subscription service where users sign up for a membership to the platform for a recurring fee that varies depending on the program and commitment length of the membership.   *See* https://support.joinfound.com/en_us/what-is-the-cost-of-the-program-SkkeUeYc .

45. Found describes its services as including "online consultations with a board-certified practitioner to evaluate and manage the addition of medications to address weight at the cellular level; guided programming, recipes, and health articles designed by behavioral health experts and registered dietitians; as well as access to a private community."   *See* https://support.joinfound.com/test-article-2-HylZ7o_Bd .

46. Upon information and belief, one of the "medications to address weight at the cellular level" prescribed by Found is one 50 mg tablet of Naltrexone with a separate 150 mg sustained-release tablet of Bupropion (together the "Found Combination").

47. Upon information and belief, the Found Combination is prescribed to patients through the Found website, with instructions from healthcare professionals engaged by Found to combine Naltrexone and Bupropion together in certain dosages for the purposes of weight loss.

48. But, neither Naltrexone nor Bupropion are FDA approved for weight loss.

49.    Contrave® is in fact the only combination of Naltrexone and Bupropion that has passed any clinical trials for weight loss safety and efficacy and the only one approved by the FDA for such use.

50.    Upon information and belief, the Found Combination not only lacks FDA approval, but the dosages prescribed in the Found Combination are not the same as those that have been FDA approved in Contrave.  Bupropion is not available individually in the same 90 mg dosage strength that each Contrave® tablet contains.  Naltrexone is not available individually in the same 8 mg dosage strength that each Contrave® tablet contains.  Nor is Naltrexone available individually as a sustained-release tablet.  Individual Naltrexone tablets thus do not have the same release profile as Contrave®.

51.    The following table summarizes some of the differences between Contrave® and the Found Combination:

| Characteristic | Contrave® | Found Combination |
|---|---|---|
| 90 mg of Bupropion per tablet | Yes | No |
| 8 mg of Naltrexone per tablet | Yes | No |
| Sustained-release Naltrexone | Yes | No |
| Single tablet combining Bupropion and Naltrexone | Yes | No |
| Dosing schedule does not require splitting tablets | Yes | No |
| Dosing schedule specifies morning and evening doses | Yes | No |
| 90 mg total daily dose of Bupropion during week 1 | Yes | No |
| 8 mg total daily dose of Naltrexone during week 1 | Yes | No |
| 180 mg total daily dose of Bupropion during week 2 | Yes | No |
| 16 mg total daily dose of Naltrexone during week 2 | Yes | No |
| 270 mg total daily dose of Bupropion during week 3 | Yes | No |
| 24 mg total daily dose of Naltrexone during week 3 | Yes | No |
| 360 mg total daily dose of Bupropion during weeks 4+ | Yes | No |
| 32 mg total daily dose of Naltrexone during weeks 4+ | Yes | No |

| Supported by clinical study for prescribed indication | Yes | No |
|---|---|---|
| FDA approved for prescribed indication | Yes | No |

52.     Despite the fact that the Found Combination is neither FDA approved for weight loss, nor given the different dosage and release format, could it ever be considered pharmaceutically or therapeutically equivalent to Contrave® to even qualify as a generic version of Contrave® — Found has, and continues to, market the Found Combination as an "an effective off-label option for weight loss."

53.     Generally, off-label drug use involves physicians independently deciding to prescribe medications for indications, or using a dosage or dosage form, that have not been approved by the US Food and Drug Administration.[3]   The most common form of this practice involves prescribing currently available and marketed medications but for an indication (e.g., a disease or a symptom) that has never received Food and Drug Administration (FDA) approval.[4] Hence, the specific use is "off-label" (i.e., not approved by the FDA and not listed in FDA-required drug-labeling information).[5]

54.     The promotion of the Found Combination for the off-label use of assisting in weight loss is central to the advertisement of the Found Combination on its website:

"Bupropion is an effective off-label option for weight loss which works by reducing appetite and cravings."

– **Dr. Rekha Kumar,** Chief Medical Officer at Found

[6]

---

[3] *Ten Common Questions (and Their Answers) About Off-label Drug Use).  See* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3538391/#:~:text=Off%2Dlabel%20drug%20use%20involves,US%20Food%20and%20Drug%20Administration.

[4] *Id.*

[5] *Id.*

[6] FOUND0000234 (joinfound.com/pages/bupropion (captured August 22, 2023).

7

"Naltrexone is an off-label option for weight loss which works by treating cravings and compulsive eating."

— **Dr. Rekha Kumar**, Chief Medical Officer at Found

When used in combination with other medication

8

Bupropion + Naltrexone

"Naltrexone and Bupropion is a well studied off-label combination which helps treat binging and cravings and is also helpful for people who feel "addicted to food"

— **Dr. Rekha Kumar,** Chief Medical Officer at Found

Bupropion + Naltrexone

"Naltrexone and bupropion combination is used together with a reduced-calorie diet and proper exercise to help lose weight and keep it off. This medicine is used in people who are overweight or very overweight and who also have weight-related medical problems."

— Mayo Clinic

9

# Naltrexone

These medications can help you lose weight by treating cravings and compulsive eating.

10

## How it works

Although naltrexone is FDA-approved for the the treatment of alcohol and opioid dependence, it is also commonly used by leading specialist obesity clinicians and weight clinics off-label to help aid with weight loss by reducing cravings and compulsive eating behaviors.

---

[7] *Id.*

[8] FOUND000307 (joinfound.com/pages/naltrexone (captured August 22, 2023).

[9] *Id.*

[10] *Id.*

55.    Found does not stop by passively advertising the Found Combination for off-label use on its website, but actively promotes such uses through its blogs and promotions sent directly to consumers:

[11]

## Why is bupropion often prescribed in combo with other medications?

Some things are better together. And substantial evidence supports that for weight loss and maintenance, bupropion (also used for tobacco cessation) may be even more effective when paired with other drugs. These other drugs are naltrexone—a medication approved for the treatment of opioid and alcohol use disorder—and zonisamide—a drug approved for the treatment of seizures. You may notice improvements in other conditions when prescribed the combos.

Researchers aren't exactly sure how bupropion works for weight loss. But it's known to increase activity in certain pathways of the brain that may increase levels of dopamine and lead to decreased appetite, reduced food cravings, and an increase in the number of calories you burn. Doctors can prescribe this medication off-label to expand their patients' weight care options.

[12]

---

[11] FOUND0000165 (December 29, 2022 Found blog article titled, "Wait, and antidepressant could help with weight loss" (joinfound.com/blogs/posts/bupropion-help-with-weight-loss (captured August 22, 2023)).

[12] *Id.*

58.    Upon information and belief, Found does not only promote the off-label use of the Found Combination for weight loss, but also supports such promotions with statistics concerning the effectiveness of such off-label use based on clinical results for FDA approved Contrave®.

59.    The above image was taken at the San Diego Obesity Week in November 2022. Found advertises that it offers the medication "Naltrexone/Bupropion" and that "Clinical Studies Patients" showed they lost "9.3% of their total body weight…after 12 months."

60.    But, the only clinical studies in the FDA database for a combination of Naltrexone and Bupropion for weight loss are for Contrave® and not the Found Combination.  The "9.3%" result referenced in Found's advertising is identical to the results of a study of for Contrave®.

61.    From February-June 2022, Plaintiffs hired investigators to sign up for Found's services and collect information concerning Found's suspected unlawful activities.   These investigators recorded multiple instances of Found's prescribing of the Found Combination for weight loss:

1    • March 14, 2022 – Found Medical Provider 1 prescribes Plaintiffs' Investigator 1 the Found

2        Combination:



AMENDED COMPLAINT

1

- March 22, 2022 – Found Medical Provider 2 prescribes Plaintiffs' Investigator 2 the Found

2

Combination:

AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Case No. 3:23-cv-00977-WHO                                          AMENDED COMPLAINT

- April 13, 2022 – Found Medical Provider 3 prescribes Plaintiffs' Investigator 3 the Found Combination:

AT

Medication can help you lose weight in combination with a healthy lifestyle.

After reviewing your information, I recommend Naltrexone 50 mg + Bupropion SR 150 mg as the best weight-loss medications for you.

These medications treat cravings and compulsive eating. You may read the FDA approved naltrexone for opioid and alcohol use disorders, and bupropion for depression and tobacco cessation. I'm prescribing them for weight loss because there is substantial evidence supporting they are effective and safe for this use.

As a safety measure, could you please reconfirm with me here if you have any history of seizures, suicidal thoughts, heart arrhythmias, uncontrolled high blood pressure, or are currently taking or recently have taken any prescription narcotics/opioids or monoamine oxidase inhibitors (MAOIs). If not, do you want to try Naltrexone 50mg + Bupropion SR 150mg?

I don't have any of those problems, but I'm a little confused by what you say. I googled what you said and CONTRAVE came up on the search. Is that what this is? some of the reviews are good but some are not. what has been your experience? I understand people have different responses, just want to know your personal experience with people like me. I put on 30 pounds with COVID and i need to get it off!!

APR 13, 2022



I don't have any of those problems, but I'm a little confused by what you say. I googled what you said and CONTRAVE came up on the search. Is that what this is? some of the reviews are good but some are not. what has been your experience? I understand people have different responses, just want to know your personal experience with people like me. I put on 30 pounds with COVID and i need to get it off!!

AT  Like you said, everyone is very different and responds differently. Weight loss has a lot of factors including lifestyle changes. If someone is on medication but doesn't make any changes or sometimes eats worse because they think the medication will do all the work, then they don't make progress. Others that incorporate lifestyle changes in with medication have a great outcome. Yes, this is generic for Contrave

AMENDED COMPLAINT

- April 13, 2022 – Found Medical Provider 4 prescribes Plaintiffs' Investigator 4 the Found Combination



AMENDED COMPLAINT



62.    Upon information and belief, and as evidenced from the screenshots of the above correspondence, each of these medical professionals were prescribing the Found Combination within the messaging system of Found's subscription service platform.

63.    Upon information and belief, and as evidenced from the screenshots of the above correspondence, each of these medical professionals were prescribing the Found Combination on behalf of Found and its business.

**Found's Relationship with the Pippen Defendants**

64.    Upon information and belief, Found is a telemedicine business, which is not physician-owned or controlled and which advertises medical treatment and medications for consumers on its website.

65.    Upon information and belief, Found is owned and operated by individuals who are not licensed medical professionals as required by California law to operate a medical practice.

66.    Found contracts with Pippen California, Pippen Delaware, Pippen Texas, and Pippen New Jersey in an effort to avoid bans on the corporate practice of medicine.

67.    

68.    Upon information and belief, Found was formerly known as Esquagama Labs Inc. and they are the same and not distinct corporate entities.

77.    Dr. Larson is the Medical Director and Dr. Sean Cole is a Medical Advisor at Found.  Upon information and belief, both physicians have worked at Found, in some capacity, since the beginning of Found's relationship with the Pippen Defendants.



You're in good hands

99% of US doctors are not trained in managing obesity and overweight. We have access to compassionate, board-certified medical experts that are specially trained in obesity.

Director of Behavioral Health
**Dr. Lynn Yudofsky, MD**

Dr. Yudofsky joins us from Stanford University, where she practiced as a psychiatrist and focused on integrative medicine. At Found she ensures that all Found members are taking care of their bodies and minds.

Medical Director
**Dr. Jonathan Larson MD, MBA**

A West Point graduate and a board-certified physician with a decade of telemedicine leadership and operational expertise. At Found, he is helping scale a high-quality telemedicine experience to provide the best obesity care.

Medical Advisor
**Dr. Shebani Sethi Dalai**

Founding Director of Stanford University Metabolic Psychiatry and Silicon Valley Metabolic Psychiatry.

14

---

[13] *See* FOUND0000728; FOUND0000791.

[14] *See* https://joinfound.com/pages/program (captured December 12, 2023).

AMENDED COMPLAINT



__Found Violates California Prohibitions Against the Corporate Practice of Medicine__

80.     California (and many other states) prohibit lay entities from owning physician practice groups or employing physicians, which violates the prohibitions against CPOM.  Found's business model is an effort to circumvent these prohibitions by influencing and indirectly controlling the physicians affiliated with the Pippen Defendants.

81.     California Business and Professions Code § 2052(a) states that "any person who practices or attempts to practice, or who advertises or holds himself or herself out as practicing…[medicine]….without having at the time of so doing a valid, unrevoked, or unsuspended certificate…is guilty of a public offense."

---

[15] *Id.*

Case No. 3:23-cv-00977-WHO                                                    AMENDED COMPLAINT

82.     Upon information and belief, the Pippen Defendants exist only as a shell to undertake functions, on behalf of Found, the law requires physicians to undertake, such as providing physicians to patients or prescribing medication to patients.

83.     The tangled web of agreements between Found and the Pippen Defendants, as outlined above, are an attempt by Found to circumvent the laws against CPOM by entering into contracts with the Pippen Defendants that give Found undue influence over what should be physician controlled healthcare providers.

84.     These agreements, when taken together, make the Pippen Defendants no more than an alter ego of Found, which operate as a shell with no value outside of hiding Found's illegal CPOM.

85.     The Succession Agreements, as outlined above, give Found almost complete control over the ownership of the Pippen Defendants.

89.     Upon information and belief, at all times, the owners of the Pippen Defendants have also had separate and independent contracts for roles at Found's telehealth platform.

90.     Both previous and current owners of Pippen, Dr. Jonathan Larson and Dr. Sean Cole, have had, and maintain, roles as either a Medical Director or Medical Advisor at Found.



94.

98.    Upon information and belief, the physicians who actually provide medical advice and prescribe medication to Found's customers do not have independent access to, or control over, such records.

1

2

3        102.    This gives Found undue control over the procedures for patient billing and allows

4    Found to influence the nature of all of the Pippen Defendants' contractual relationships.

5

6

7

8

9

10

11        105.    The above agreements, when taken together, give Found inordinate control and

12    influence over the Pippen Defendants' ownership, funding, patient billing, medical records, and

13    physician compensation.

14

15

16        107.    As a result of these agreements, a corporation that is neither owned nor controlled

17    by licensed medical professionals, is responsible for administrative activities that should not be

18    directly or indirectly controlled by a non-medical corporation:

19

20

21

22

23

24

25

26

27

28



1  ████████████████████████████████████████████████████

2  ███████████████████████████

3  █████████████████████████████████████████████████████

4  ████████████████

5  ████████████████████████████████████████████████████

6  ███████████

7  • ████████████████████████████████████████████████████

8  █████████████████████████████;

108.    Further, upon information and belief, the Pippen Defendants directly compensate its healthcare professionals for the consultations provided to patients through the Found telehealth website, which are included in the price of a Found membership, from funds borrowed from Found.

109.    Upon information and belief, the Pippen Defendants themselves do not profit from this arrangement, but only serve as a shell to compensate the licensed healthcare professionals contracted by the Pippen Defendants serving Found.  The Pippen Defendants then return any remaining money to Found in loan payments or as compensation for Found's services as the Manager of the Pippen Defendants.

17  █████████████████████████████████████████████████████

18  ████████████████████████

111.    Found cannot circumvent the prohibition on the CPOM by contracting with a licensed physician to serve as Found's "medical director."

112.    █████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████  *See* supra at ¶ 59.

113.    Such an arrangement provides Found undue influence and control over the Pippen Defendants' medical practice.  In reality, Found simply operates the Pippen Defendants as its own business, as further evidenced by Found's direct marketing of medical services on its website.

> Online weight loss means we took the clinician's office out of the equation. Get one-on-one medical, nutritional, and movement guidance from our experts...all from the comfort of your own home.

16

 **Board-certified clinicians & Prescription medication**
Our medical team personalizes care with the widest medication toolkit on the market. Virtual appointments, no in-person office visits required.

**17**

Get to know the different medications our clinicians can prescribe and how they can help you on your weight care journey.*

18

114. Nowhere on its website does Found promote the Pippen Defendants or their medical practices. A consumer can only discover Found's association with the Pippen Defendants by an examination of Found's Privacy Policy, which is located in a small link at the very bottom of Found's website.

115. Instead, Found is advertising medical services under its own brand, and the Pippen Defendants are an empty shell for Found's CPOM. In fact, Pippen California's ability to operate a medical practice in California under its own name expired in November of 2021:

---

16 *See* https://joinfound.com/pages/sem-found-hp?utm_source=google&utm_medium=cpc&utm_keyword=found%20health&utm_source=google&utm_medium=cpc&utm_campaign=Search_US_Brand_Found_mCPC&utm_campaignid=19693108522&utm_term=found%20health&gad_source=1&gclid=CjwKCAiA-Pr-BhBEEiwAQEXhH7jHblX6KicVPSVTVgys3kAPucWVvUUJ61oZyrbVP1cntM_ppythLBoCl9sQAvD_BwE (last visited December 18, 2023.).

17 https://joinfound.com/pages/program.

18 https://joinfound.com/pages/medication-biology.

116. Upon information and belief, Pippen California never had its own physical location in California. Instead, the original principal address Pippen California registered with the California Secretary of State was the same address as Found's headquarters:



**Secretary of State**
**Articles of Incorporation of a**
**Professional Corporation**

ARTS-PC

FILED BPC
Secretary of State
State of California CA

OCT 09 2019

**IMPORTANT** — Read Instructions **before** completing this form.

**Filing Fee** = **$100.00**

**Copy Fees** — First page $1.00; each attachment page $0.50; Certification Fee - $5.00

*Note:* Corporations may have to pay a minimum $800 tax to the California Franchise Tax Board each year. For more information, go to *https://www.ftb.ca.gov.*

This Space For Office Use Only

1. **Corporate Name** (Contact the California state board or agency that controls your profession to find out if **your profession is authorized to be a corporation in California** and if there are any specific corporate name style rules. Go to *www.sos.ca.gov/business/be/name-availability* for general corporate name requirements and restrictions.)

The name of the professional corporation is **Pippen Health of California, P.C.**

2. **Business Addresses** (Enter the complete business addresses, item 2a cannot be a P.O. Box or "in care of" an individual or entity.)

| a. Initial Street Address of Corporation - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 1 Letterman Drive, #C3500 | San Francisco | CA | 94129 |

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: BA20230826055
Date Filed: 5/22/2023

Entity Details

| Corporation Name | FOUND HEALTH, INC. |
|---|---|
| Entity No. | 4275048 |
| Formed In | DELAWARE |

Street Address of Principal Office of Corporation

| Principal Address | 1 LETTERMAN DRIVE SUITE C3500 |
|---|---|
| | SAN FRANCISCO, CA 94129 |



---

[19] https://search.dca.ca.gov/results (search for Pippen Health California, P.C., captured January 8, 2024).

[20] https://bizfileonline.sos.ca.gov/search/business (search for Pippen Health California, P.C., captured January 8, 2024).

[21] https://bizfileonline.sos.ca.gov/search/business (search for Found Health, Inc., captured January 8, 2024).

117.    Currently, Pippen California still has not registered its own separate principal

address in California, but now claims its principal address in Austin, Texas:



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only
**-FILED-**
File No.: BA20231448565
Date Filed: 9/14/2023

| Entity Details | |
| --- | --- |
| Corporation Name | PIPPEN HEALTH OF CALIFORNIA, P.C. |
| Entity No. | 4323726 |
| Formed In | CALIFORNIA |

| Street Address of Principal Office of Corporation | |
| --- | --- |
| Principal Address | 1023 SPRINGDALE RD, STE 13A AUSTIN, TX 78721 |

118.    This is the same address in Austin, Texas as Pippen Texas:

| PIPPEN HEALTH OF TEXAS, P.A. | |
| --- | --- |
| Texas Taxpayer Number | 32072191060 |
| Mailing Address | 1023 SPRINGDALE RD STE 13A AUSTIN, TX 78721-2465 |

[22]

119.    Upon information and belief, the Pippen Defendants do not have distinct corporate

forms or physical practices but serve as proxies for Found's CPOM.

120.    Upon information and belief, it is Found, not the Pippen Defendants, who select the

physicians to provide the medical services and schedule patients for consultations with the selected

physicians.

---

[22] https://mycpa.cpa.state.tx.us/coa/coaSearchBtn (search for Pippen Health of Texas, P.A., captured January 8, 2024).

123.    Such activity should be in the exclusive control of a medical practice and Found has participated in CPOM by removing that control from the Pippen Defendants.

124.    All of the above outlined activity is in direct violation of California's prohibition of CPOM, and therefore is unlawful under California Business and Professions Code § 17200.

**The Pippen Defendants Aid And Abet Found's Violation of California Prohibitions Against the Corporate Practice of Medicine**

125.    California Business and Professions Code 2052(b) states that "[a]ny person who conspires with or aids or abets another to commit any act described in subdivision (a) is guilty of a public offense"  Similarly, Cal. Bus. & Prof. Code § 2264 prohibits "[t]he employing, directly or indirectly, the aiding, or the abetting of any unlicensed person …, or unlicensed practitioner to engage in the practice of medicine or any other mode of treating the sick or afflicted which requires a license." The Pippen Defendants' violations of these prohibitions are further unlawful conduct that constitute a violation of California Business and Professions Code § 17200.

126.    The Pippen Defendants have violated California laws against the CPOM by entering into the contracts, as described above, which allow Found to improperly influence and control a medical practice.

127.    Upon information and belief, the owners of the Pippen Defendants at all times have been contracted by Found for roles at its telemedicine operation.

128.    Upon information and belief, Pippen Defendants exists, and have always existed, for the sole purpose of aiding and abetting Found's corporate practice of medicine.

129.    Upon information and belief, Pippen Delaware, Pippen New Jersey, and Pippen Texas, in addition to Pippen California, are participating to support Found's CPOM within California.

-30-



132.     The Pippen Defendants' complicity in, and assistance of, Found's violation of California law make the Pippen Defendants jointly and independently liable for the illegal CPOM in California.

**Found's Unlawful Promotion of the Found Combination for Off-label Use**

133.     California regulates the manufacture and sale of prescription drugs under the state's Sherman Food, Drug, and Cosmetic Law (the "Sherman Law").  As relevant here, the Sherman Law specifies that "[i]t is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any drug or device that is misbranded." Cal. Health & Safety Code § 111440.  Accordingly, the Sherman Law dictates that "[i]t is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded." *Id*. § 110398.  A drug is misbranded if "its labeling is false or misleading in any particular[,]" Cal. Health & Safety Code § 111330, and/or if the drug's labeling does not bear "adequate directions for use." Cal. Health & Safety Code § 111375.

134.     Found's products, including its prescriptions of Bupropion and Naltrexone (the "Found Combination), are "drugs" under California and federal law, namely Health & Safety Code sections 109925(a)(2), because they are intended to cure, mitigate, treat, or prevent disease and/or

1    affect the structure and/or function of the human body and are promoted by Found for those

2    purposes and used by healthcare professionals and consumers in California for those purposes.

3        135.    The Found Combination has not been approved by FDA or by the California

4    Department of Health Services for weight loss as required by Health & Safety Code sections

5    111550(a)-(b).

6        136.    Found violates these basic provisions of the Sherman Law.  By advertising the

7    Found Combination for an off-label weight-loss use, Found's labeling does not bear adequate

8    directions for the purpose for which the component medications, Naltrexone and Bupropion, were

9    intended or approved.

10       137.    Naltrexone and Bupropion are available separately in different strengths for

11    different indications.  Individually, Naltrexone is an opioid antagonist approved to treat alcohol or

12    opioid use disorders.  Individually, Bupropion is used to treat depression, seasonal affective

13    disorder, and smoking cessation.  They are not approved any weight loss application.

14       138.    Rather than invest the time and resources necessary to research, develop, and test

15    its products to ensure that they are safe and effective and to obtain regulatory approval to market

16    them; Found is simply marketing, promoting, and selling the Found Combination specifically for

17    an "off label" weight loss use.

18       139.    This is illegal misbranding under California law because the component parts of

19    Naltrexone and Bupropion, which are approved for different indications, are being advertised for

20    an unapproved use.  This "off-label" promotion is prohibited by the Sherman Law.

21       140.    The illegal "off-label" promotion  is central to Found's promotion of its products

22    and business model.

23       141.    This activity violates of the  California Sherman Law, and therefore is unfair

24    competition under California Business and Professions Code § 17200.

25    **The Pippen Defendants Aid And Abet Found's Unlawful Promotion of the Found**

26    **Combination for Off-label Use**

27       142.    As outlined above, the Pippen Defendants' exist solely as a shell for Found to

28    contract with healthcare professionals for the purpose of Found's telehealth business.

-32-

143.    Upon information and belief, the Pippen Defendants, under the undue control and influence of Found, contract with these medical professionals for the exclusive purpose of providing medical treatment to Found's customers and prescribing medications offered on the Found website.

146.    This is illegal misbranding under California law because the component parts of Naltrexone and Bupropion, which are approved for different indications, are being advertised for an unapproved use.  This "off-label" promotion is prohibited by the Sherman Law.

147.    The illegal "off-label" promotion is central to Found's promotion of its products and business model.

148.    This activity is in direct violation of California Sherman Law, and therefore is unlawful under California Business and Professions Code § 17200.

149.    The Pippen Defendants' complicity in, and assistance of, Found's violation of California law make the Pippen Defendants jointly and independently liable for Found's illegal off-label promotion of the Found Combination.

**Found's False Advertising and Trademark Infringement**

150.    Found has been illegally infringing on the Contrave® Trademarks to misrepresent its Found Combination as Contrave®, a Contrave® equivalent, or a Contrave® generic.

151.    Upon information and belief, Found has been consistently advertising to consumers in its subscription program communications that Found's Found Combination is Contrave®, a Contrave® equivalent, or a Contrave® generic.

152.    Plaintiffs' investigators also recorded multiple instances of Found's unlawful infringement of the Contrave® Trademarks and its misrepresentations in adverting its Found Combination as Contrave®, a Contrave® equivalent, or a Contrave® generic in consumer communications:

- March 14, 2022 – Found Medical Provider 1 indicates to Plaintiffs' Investigator 1 that she can "obtain more information about this [Found Combination] by doing a search for Contrave, the FDA approved weight loss therapy having both medication in one tablet." *See* Exhibit B at 1.

153.    Found's statement that a consumer could obtain more information about its Found Combination by comparing information found in a search for Contrave® is unambiguously false and misleading.

154.    Contrave® is the only combination and form of Bupropion and Naltrexone that is FDA approved for weight loss.  Contrave® is only available in a one tablet, extended released, fixed dose combination of 90 mg of Bupropion HCI and 8 mg of Naltrexone HCI.

155.    Upon information and belief, the Found Combination is prescribed in a two-tablet format of 50 mg of Naltrexone separate from 150 mg of sustained-release Bupropion, with both the Naltrexone tablet and Bupropion tablet to be taken together.

156.    Given the different formats, different dosages, and different approvals, it is grossly misleading to indicate to any customer that the safety and efficacy information found concerning Contrave® would be comparable to the Found Combination.

157.    Furthermore, Plaintiffs' investigators obtained several samples of the Found Combination, and it was rigorously tested using Plaintiffs' standard quality control tests for Contrave®.  The Found Combination failed every test:

- Failed "Identity Test":
  - It is not the one tablet fixed dose combination of Contrave®, as the Found Combination is prescribed as two separate monocomponents of Naltrexone and Bupropion
- Failed "Dissolution Analysis":

-34-

- o    The product failed percent dissolution at the half hour and full hour analysis points.  Dissolution rates are a critical analytical parameter for oral dosage form pharmaceutical products and are correlated with absorption rates.
- Failed "Strength Analysis":
  - o    The Found Combination monocomponents of Naltrexone and Bupropion are prescribed in different dosage strengths than are found in Contrave®.
- Failed "Impurities Analysis":
  - o    Unknown impurities were identified in the samples analyzed; these impurities are not identified nor present in Contrave®.

158.    Therefore, Found's statements misrepresenting that information regarding Contrave® is informative as it concerns the Found Combination, is demonstrably deceptive practically and scientifically.

159.    Upon information and belief, Found uses the Contrave® Trademarks in Paragraph 45, and statements such as these, in communications to consumers to confuse them into believing Found is offering Contrave®, a Contrave® equivalent, or a Contrave® generic for sale.

160.    Upon information and belief, Found uses the Contrave® Trademarks in such statements in communications to consumers to confuse them into believing that the Found Combination originates from, or is affiliated with, Plaintiffs and their Contrave® product.

161.    Upon information and belief, Found uses the Contrave® Trademarks in such statements in its advertising communications to consumers to mislead them into believing that the Found Combination is Contrave®, a Contrave® equivalent, or a Contrave® generic.

162.    Found's deceptive statements do not stop at simply implying a comparison between Contrave® and its Found Combination, but go so far as to misrepresent that the Found Combination is the same as Contrave:

- March 22, 2022 – Found Medical Provider 2 indicates to Plaintiffs' Investigator 2 that one of the medications offered by Found is "Bupropion + Naltrexone (often known as Contrave)" *See* Exhibit B at 2.

163.    Found's statement here is directly deceptive to consumers for all the reasons stated above, but also because Contrave® is a branded product only sold by Plaintiffs.

164.    Found's statement directly represents to consumers that Found offers Contrave®, which is false.

165.    Upon information and belief, Found uses the Contrave® Trademarks in this statement, and statements such as these, in communications to consumers to confuse them into believing Found is offering Contrave® for sale.

166.    Upon information and belief, Found uses the Contrave® Trademarks in such statements in communications to consumers to confuse them into believing that the Found Combination originates from, or is affiliated with, Plaintiffs and their Contrave® product.

167.    Upon information and belief, Found uses the Contrave® Trademarks in such statements in its advertising communications to consumers to mislead them into believing that the Found Combination is Contrave®, a Contrave® equivalent, or a Contrave® generic.

168.    Upon information and belief, Found also represents in advertising communications to customers that its Found Combination is a Contrave® generic:

- April 13, 2022 – Found Medical Provider 3 responds to confusion from Plaintiffs' Investigator 3 on whether he is receiving Contrave or not by stating: "Yes, this is generic for Contrave." *See* Exhibit B at 3.

- April 13, 2022 – Found Medical Provider 4 instructs Investigator 4 that the Found Combination "combination also goes by the brand name Contrave if you wanted to do any research" *See id.* at 4-5.

   o    Investigator 4 responds, "I looked up contrave online and read about it. So these medicines are just a generic version of that?  My weight loss will be along the lines of what they talk about that site?"

      ▪    Nurse Practitioner Kimberly Anderegg responds, "Yes – these are just the generic version and yes similar to Contrave."

169.    Found's statement here is directly deceptive to consumers for all the reasons stated above, but also because Contrave® has no generic version.

170.    Generic drugs are approved only after a rigorous review by the FDA and after a set period of time that the brand product has been on the market exclusively.  This is because new drugs, like other new products, are usually protected by patents that prohibit others from making and selling copies of the same drug.[23]

171.    Plaintiffs have patent protection for Contrave® until at least 2034 and therefore there can be no approved generic Contrave® in the United States during this time.

172.    Further, in order to become an FDA approved generic, Found would have to follow the appropriate FDA approval process put in place for the safety of patients.  This process would require Found to perform required testing/studies and to submit an abbreviated new drug application (ANDA) to FDA for approval to market a generic drug that is the same as (or bioequivalent to as defined by FDA) the brand product.

173.    An ANDA must show the generic medicine is equivalent to the brand in the following ways:

- The active ingredient is the same as that of the brand-name drug/innovator drug;

- The generic medicine is the same strength;

- The medicine is the same type of product (such as a tablet or an injectable);

- The medicine has the same route of administration (such as oral or topical);

- It has the same use indications;

- The inactive ingredients of the medicine are acceptable;

- It lasts for at least the same amount of time;

- It is manufactured under the same strict standards as the brand-name medicine;

- The container in which the medicine will be shipped and sold is appropriate; and

- The label is the same as the brand-name medicine's label.

_____

[23] https://www.fda.gov/drugs/frequently-asked-questions-popular-topics/generic-drugs-questions-answers#:~:text=Generic%20drugs%20are%20approved%20only,copies%20of%20the%20same%20drug.

174.    Upon information and belief, Found has not submitted, nor has the FDA evaluated or approved, any ANDA for the Found Combination to become a Contrave® generic.

175.    Upon information and belief, Found would not be approved even if it were to submit an ANDA for the Found Combination to become a generic Contrave® because it could not satisfy several of the above required factors, including at least that the generic medicine:  (1) is the same strength; (2) is the same type of product; and (3) lasts for at least the same amount of time.

176.    The following table again summarizes some of the differences between Contrave® and the Found Combination:

| **Characteristic** | **Contrave®** | **Found Combination** |
|---|---|---|
| 90 mg of Bupropion per tablet | Yes | No |
| 8 mg of Naltrexone per tablet | Yes | No |
| Sustained-release Naltrexone | Yes | No |
| Single tablet combining Bupropion and Naltrexone | Yes | No |
| Does not require splitting tablets | Yes | No |
| Dosing schedule specifying morning and evening doses | Yes | No |
| 90 mg total daily dose of Bupropion during week 1 | Yes | No |
| 8 mg total daily dose of Naltrexone during week 1 | Yes | No |
| 180 mg total daily dose of Bupropion during week 2 | Yes | No |
| 16 mg total daily dose of Naltrexone during week 2 | Yes | No |
| 270 mg total daily dose of Bupropion during week 3 | Yes | No |
| 24 mg total daily dose of Naltrexone during week 3 | Yes | No |
| 360 mg total daily dose of Bupropion during weeks 4+ | Yes | No |
| 32 mg total daily dose of Naltrexone during weeks 4+ | Yes | No |
| Supported by clinical study for prescribed indication | Yes | No |
| FDA approved for prescribed indication | Yes | No |

177.    Found's statements directly represent to consumers that Found offers a Contrave® generic, which is false.

178.    Found's statement directly represents that the Found Combination will have the same efficacy as Contrave®, which, upon information and belief, is unsubstantiated by any testing, clinical trials, or FDA approvals.

179.    Upon information and belief, Found uses the Contrave® Trademarks in this statement, and statements such as these, in communications to consumers to confuse them into believing Found is offering a Contrave® generic for sale.

180.    Upon information and belief, Found uses the Contrave® Trademarks in this statement, and statements such as these, in communications to consumers to confuse them into believing that the Found Combination originates from, or is affiliated with, Plaintiffs and their Contrave® product.

181.    Upon information and belief, Found uses the Contrave® Trademarks in this statement, and statement such as these, in its advertising communications to consumers to mislead them into believing that the Found Combination is Contrave®, a Contrave® equivalent, or a Contrave® generic.

182.    Found's misrepresentations that its Found Combination is Contrave®, a Contrave® equivalent, or a Contrave® generic are unambiguously deceptive and literally false.

183.    Found's misrepresentations concerning its Found Combination are also misleading, even if not literally false, as a significant portion of reasonable weight loss consumers are likely to be deceived into believing that the Found Combination is Contrave®, a Contrave® equivalent, or a Contrave® generic.

184.    Found's claims that its Found Combination is Contrave®, a Contrave® equivalent, or a Contrave® generic is material to consumers' purchasing decisions because the safety and effectiveness of Contrave®, which is represented by its FDA approval, are desirable features for customers and provides Plaintiffs a competitive advantage.

185.    Upon information and belief, Found has made such claims in communications to consumer across the country in interstate commerce.

186.    Upon information and belief, the above instances of trademark infringement and false advertising represent a pattern and practice of Found's advertising of its Found Combination to consumers.

187.    Upon information and belief, Found compounds its misleading statements by advertising its Found Combination using clinical study results for Contrave®:



188.    The above image was taken at the San Diego Obesity Week in November 2022. Found advertises that it offers the medication "Naltrexone/Bupropion" and that "Clinical Studies Patients" showed they lost "9.3% of their total body weight…after 12 months."

189.    But, the only clinical studies in the FDA database for a combination of Naltrexone and Bupropion for weight loss are for Contrave® and not the Found Combination.  The "9.3%" result referenced in Found's advertising is identical to the results of a study of for Contrave®.

190.    Such a reference is false and misleading because, for all the reasons stated above, the Found Combination is not equivalent to Contrave® and therefore cannot rely on Contrave® clinical trials as an accurate representation to consumers of the Found Combination's expected effect.  Moreover, upon information and belief, Found did not perform any clinical study with proper controls and statistical analyses, as would be required to compare the efficacy of the Found Combination with Contrave®.

191.    Upon information and belief, consumers have been confused and deceived, and are likely to continue to be confused and deceived, by:  (1) Found's misuse of the Contrave® Trademarks; and (2) Found's misrepresentations that its Found Combination is Contrave®, a Contrave® equivalent, or a Contrave® generic.

192.    Plaintiffs have recently discovered online commentary indicating that consumers have been confused and deceived by Found's unlawful activity for years:

- Circa February 2020 Post Re:  "***Generic Contrave***"
  - I started a program called Torch where you do an online consultation, a doctor prescribes medication, and they assign a coach you can text whenever and they check in on you every few days.  The medication I am prescribed is ***150mg Bupropion SR and 25mg Naltrexone***.[24]
- December 10, 2021 Post on GoWellness Blog by Courtney D'Angelo, MS, RD Re:  Found Weight Loss Medication and Coaching (Review by a Dietitian)[25]
  - This review not only states in no uncertain terms that Found carries Contrave® as part of its medications available in Found's subscription

---

[24] https://www.reddit.com/r/Contrave/comments/gbhngr/generic_contrave_torch/ (emphasis added).

[25] https://www.gowellnessco.com/found-weight-loss-medication-coaching/.

service, but also includes a picture of actual Contrave® branded packaging to show readers what Found offers:



- January 1, 2023 Blog Article on Pharmacist.org Re: Found Rx Weight Loss Review: Is A Prescription Worth It?[26]
  - o "The doctors working for Found are able to prescribe the same weight loss medications as your primary care physician. Medications like Orlistat, Qsymia, Contrave, and numerous others are available if you qualify for them."

193. Found's conduct described herein constitutes trademark infringement, false designation of origin, false advertising, and a violation of California state law.

**The Pippen Defendants' Aid and Abet False Advertising and Trademark Infringement**

194. As outlined above, the Pippen Defendants' exist solely as a shell for Found to contract with healthcare professionals for the purpose of Found's telehealth business.

195. Upon information and belief, the Pippen Defendants, under the undue control and influence of Found, contract with these medical professionals for the exclusive purpose of providing medical treatment to Found's customers and prescribing medications offered on the Found website.

---

[26] https://www.pharmacists.org/found-rx-weight-loss-review/ (emphasis added.).

196.    As outlined above, the healthcare professionals engaged by the Pippen Defendants on Found's behalf misrepresented the Found Combination as either Contrave® or generic Contrave®.

197.    Upon information and belief, the Pippen Defendants were aware of this activity and purposely facilitated it.  In fact, the owners of the Pippen Defendants were contracted for roles at the Found telehealth platform that were directly responsible for managing and supervising the physicians making the relevant misrepresentations.  *See* supra ¶¶ 67, 80, 96-97.

198.    This conduct constitutes trademark infringement and false advertising in violation of California state law, which was only made possible through the Pippen Defendants' participation in engaging healthcare professionals on behalf of Found.

199.    The Pippen Defendants' complicity in, and assistance of, Found's violation of California law make the Pippen Defendants jointly and independently liable for Found's trademark infringement and false advertising.

**Found and Pippen Defendants' Conduct Is Willful and Intended to Harm Plaintiffs**

200.    Found's conduct was undertaken willfully, with the intent to mislead consumers and harm Plaintiffs.

201.    On February 21, 2020, Plaintiffs' Associate General Counsel sent a letter to Found notifying them that they had just recently become aware that Found was marketing and prescribing two drugs – naltrexone 50 mg and bupropion SR 150 mg – as the "generic name equivalent of Contrave."  *See* Exhibit C.

202.    In that letter, Plaintiffs notified Found that such statements were false, misleading, and a potential violation of state and federal advertising law.  *See id.*

203.    On or around March 12, 2020, Found responded to Plaintiffs' February 21, 2020 letter stating that Found had "reviewed this matter internally" and "it was an isolated incident."  *See* Exhibit D.  Found went on to say that it had instructed its employees to avoid such representations in the future and that Found did "not expect a recurrence."  *See id.*

204.    On October 6, 2021, Plaintiffs' and Found's leadership held a meeting to discuss a potential partnership between Found and Plaintiffs.

205.     Despite Found's representations in March 2020, Found's new CEO, Sarah Jones Simmer, indicated in this meeting that Found had patients "who want Contrave, many patients reach out and request Contrave®, but we can only give them generic Contrave."

206.     Plaintiffs' CEO, George Hampton, informed Ms. Simmer at that time that there was no such thing as generic Contrave®.

207.     Mr. Hampton warned Ms. Simmer that distributing the Found Combination as a Contrave® generic could cause Plaintiffs to pursue Found for misrepresentation and intellectual property infringement.

208.     It was after this meeting that Plaintiffs initiated the above-described investigation and discovered that Found had continued its unlawful use of the Contrave® Trademarks and its misrepresentations that the Found Combination was Contrave®, a Contrave® equivalent, or a Contrave® generic.

209.     Found has been on notice that the actions described above violated federal and state law since it received Plaintiffs' cease and desist letter in February 2020.

210.     Plaintiffs discovered that Found continued it unlawful activities in October 2021, when the Found CEO admitted that it was selling the Found Combination as a Contrave® generic.

240.     Found was once again warned at that time that its actions constituted misrepresentation and intellectual property infringement in violation of the law.

211.     Given the repeated warnings that Found had that it was violating Plaintiffs' rights and the law, its conduct could only be willful.

241.     Further, the laws against CPOM have been established law in California since the beginning of Found's telehealth business and the Pippen Defendants' medical practices.

212.     Found's practices as alleged in this Amended Complaint, and the Pippen Defendants' aiding and abetting of the same, constitute unfair business practices in violation of the UCL, by violating California's prohibitions on the corporate practice of medicine, because they are substantially injurious to consumers and any utility of such practices is outweighed by the harm to consumers.

213.    Found's practices, and the Pippen Defendants' aiding and abetting of the same, have caused and are causing substantial injuries to Currax and the public.  Those injuries are not outweighed by any benefits.

214.    Found's CPOM, and the Pippen Defendants' aiding and abetting of the same, unduly influences what should be the independent medical judgment of licensed healthcare providers, and makes it more likely that patients will be prescribed Found's products as opposed to the best medical treatment available.

215.    This injures Currax's business as Found is unfairly manipulating the market for FDA approved Contrave, as physicians are unduly influenced to prescribe the Found Combination for off-label weight loss applications, as opposed to Contrave, which is FDA approved for that purpose.

216.    This injures consumers because, upon information and belief, Found is generally promoting such products for "off-label" use, through its website and its network of healthcare professionals, without the proper unprejudiced evaluation by an independent medical professional that the Found Combination is actually more beneficial to each individual patient than Contrave.

217.    Further, the Sherman Law and the prohibitions against misbranding have been established law in California since the beginning of Found's telehealth business.

218.    Upon information and belief, Found is aware of the laws prohibiting the promotion of medications for off-label use in California.

219.    Found's practices as alleged in this Complaint violate the Sherman Law and constitute unfair business practices in violation of the UCL.  Such unlawful promotion practices are substantially injurious to consumers, and any utility of such practices is outweighed by the harm to consumers.

220.    Found's misbranding of its Found Combination does not allow for customers to properly distinguish between products that have undergone the proper regulatory testing and approval for weight loss applications, such as Contrave, and products that potentially have an "off-label" application for weight management.

221.    This injures consumers because, upon information and belief, Found is generally promoting such products for "off-label" use, through its website and its network of healthcare professionals, without the proper individualized evaluation by an independent medical professional of whether such "off-label" applications of the Found Combination are actually beneficial to each individual patient.

222.    Further, Found's practices have caused and are causing substantial injuries to Currax.  Found's misbranding injures Currax's business, as Found is unfairly undercutting the market for FDA approved Contrave, which is being properly marketed to customers, by Found's illegal promotion of a cheaper "off-label" alternative.

### Irreparable Harm to Plaintiffs

223.    Found's conduct constitutes trademark infringement and false designation of origin, because, by referring to its Found Combination as Contrave®, a Contrave® equivalent, or a Contrave® generic, Found deprives Plaintiffs of the advertising value of its Contrave® Trademarks and of the goodwill that would otherwise stem from the public's knowledge that Plaintiffs are the only source of the authentic FDA approved Contrave® medication.

224.    Found's false advertising of its Found Combination as Contrave®, Contrave® equivalent, or a Contrave® generic also irreparably harms Plaintiffs as it communicates that Contrave®, a Contrave® equivalent, or a Contrave® generic is available in the marketplace outside of Plaintiffs' product and thereby deprives Plaintiffs of a legitimate competitive advantage by reducing consumers' incentive to seek out Contrave®.  Instead, misled consumers use the Found Combination, ultimately reducing the goodwill in the Contrave® brand.

242.    Found's illegal off-label promotion of the Found Combination irreparably injures Currax.  Currax had to invest time and money to obtain regulatory approval for Contrave so that Currax could promote Contrave for weight loss.  Found completely avoids the expense of proper research, testing, and regulatory approval for the Found Combination by violating California's prohibition on off-label promotion.  Found's off-label promotion constitutes unfair competition that injures consumers and Currax.

243.    Further, Found's illegal CPOM allows it to have the Found Combination prescribed to patients by licensed medical practitioners who are not independent, but in fact controlled by Found and whose sole role is to prescribe the Found Combination and other Found drugs.  Found's CPOM deprives consumers and the marketplace of the protections the law provides against the CPOM and constitutes unfair competition.  Found's CPOM and unfair competition also irreparably injures Currax by forcing it to compete against a competitor who competes unfairly.

225.    Moreover, upon information and belief, the Found Combination is less effective and causes more side effects than Contrave®, because, for example, the Found Combination does not have the same dosage strengths or release profile (lacking sustained-release Naltrexone) as Contrave®.  Upon information and belief, patients who receive the Found Combination instead of Contrave® will therefore be less likely to take Contrave® and recommend Contrave® to others, thus irreparably harming Plaintiffs.

226.    As a direct and proximate result of the foregoing, Plaintiffs have suffered irreparable harm to their brand value, reputation, and goodwill and unless Found's conduct is enjoined, the harm will continue and increase.  Plaintiffs have no adequate remedy at law.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement under 15 U.S.C. § 1114)

221.    Plaintiffs reallege and incorporate by reference each of the above paragraphs as though fully set forth herein.

227.    Nalpropion owns a valid and protectable federal trademark registration for the Contrave® Trademarks on the Principal Register, as shown at Exhibit A attached hereto.

228.    Found's conduct alleged herein, including its promotion of its products as equivalent to, or generic versions of, Contrave®, constitutes use of Plaintiffs' federally registered Contrave® Trademarks in connection with advertising or sale of unauthorized goods and services in commerce.  This conduct creates a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, or association of Found with Plaintiffs, or as to the origin, sponsorship, or approval of Found's products by Plaintiffs.  Found's conduct is likely to induce consumers to

believe, contrary to fact, that Found's products are sponsored, endorsed, approved by, or connected with Plaintiffs.

229.    Found's conduct is without Plaintiffs' permission or authority.  As described above, Found had actual knowledge of Plaintiffs' prior and senior rights in the Contrave® Trademarks when they continued to use the Contrave® Trademarks to market and sell Found's products.  As a result, Found has committed its infringement with full knowledge of Plaintiffs' rights in the Contrave® Trademarks, and has willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Plaintiffs and to deceive the public.

230.    Found's unauthorized use of the Contrave® Trademarks, or the reference to a generic version of Contrave® that is confusingly similar to the Contrave® Trademarks, in connection with and to identify Found's products, constitutes trademark infringement in violation of 15 U.S.C. § 1114.

231.    Upon information and belief, Found has profited or will profit from this infringement.

232.    This is an exceptional case under 15 U.S.C. § 1117(a).

233.    Found's conduct has caused and likely will continue to cause damage to Plaintiffs in an amount to be determined at trial and, unless enjoined, will continue to seriously and irreparably impair further the value of the Contrave® brand, for which there is no adequate remedy at law.

234.    Because of Found's infringement, Plaintiffs have been irreparably harmed in their business and will continue to suffer irreparable harm unless Found is enjoined from infringing the Contrave® Trademarks.

235.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Found from using the Contrave® Trademarks, or any mark confusingly similar to the Contrave® Trademarks, for any purpose, and to recover from Found all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant including the cost of this action pursuant to 15 U.S.C. § 1117.

-48-

## SECOND CAUSE OF ACTION

### (Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))

236.    Plaintiffs reallege and incorporate by reference each of the above paragraphs as though fully set forth herein.

237.    Found's actions as alleged herein constitute false designations of origin in connection with the sale and advertising of unauthorized goods and services.  This conduct creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Found with Plaintiffs, or as to the origin, sponsorship, or approval of Found's products by Plaintiffs.  Found's conduct is likely to induce customers to believe, contrary to fact, that Found's products are sponsored, endorsed, approved by, or connected with Plaintiffs.

238.    Found's conduct is without Plaintiffs' permission or authority.  As described above, Found had actual knowledge of Plaintiffs' prior and senior rights in the Contrave® Trademarks when it continued to use the Contrave® Trademarks to market and sell Found's products.  As a result, Found has falsely designated the origin of its Found Combination with full knowledge of Plaintiffs' rights in the Contrave® Trademarks, and have willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Plaintiffs and to deceive the public.

239.    Found's unauthorized use of the Contrave® Trademark or the reference to generic version of Contrave® that is confusingly similar to the Contrave® Trademarks, in connection with and to identify Found's products, constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

240.    Upon information and belief, Found has profited or will profit from this conduct.

241.    This is an exceptional case under 15 U.S.C. § 1117(a).

242.    Found's conduct has caused and likely will continue to cause damage to Plaintiffs in an amount to be determined at trial and, unless enjoined, will continue to seriously and irreparably impair further the value of the Contrave, for which there is no adequate remedy at law.

243.    Because of Found's conduct, Plaintiffs have been irreparably harmed in their business and will continue to suffer irreparable harm unless Found is enjoined from falsely designating the origin of its Found Combination by infringing the Contrave® Trademarks.

244.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Found from using the Contrave® Trademarks, or any mark confusingly similar to the Contrave® Trademarks, or otherwise falsely designating the origin for any purpose, and to recover from Found all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant including the cost of this action pursuant to 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

### (False Advertising under 15 U.S.C. § 1125(a))

245.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

246.    Found's false and misleading statements of fact concerning the characteristics of its Found Combination as being Contrave®, Contrave® equivalent, or a Contrave® generic constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

247.    Found has disseminated the false and misleading statements to the public through commercial advertising and promotion, and thus caused them to enter interstate commerce.

248.    Found's false and misleading statements of fact concerning the characteristics of its Found Combination as being Contrave®, Contrave® equivalent, or a Contrave® generic are material and are likely to influence consumers' purchasing decisions.

249.    To the extent it is being marketed as an alternative to Contrave®, the Found Combination directly competes with Plaintiffs in the relevant market and Found's false advertising claims have actually deceived or tended to deceive a substantial number of consumers in that market.

250.    Found's false and misleading advertising has caused and continues to cause irreparable injury to the public and to Plaintiffs' business, goodwill, and reputation, and Plaintiffs have no adequate remedy at law.  Upon information and belief, Found's actions will continue if not enjoined.

251.    As a direct and proximate result of Found's false and misleading advertising, Plaintiffs have incurred damages in an amount to be proven at trial.  Such damages include, among

other things, lost sales, harm to Plaintiffs' business reputation and goodwill, lost profits, and harm to the value and goodwill associated with the Contrave® Trademarks and brand.

252.    Found knew, or by exercise of reasonable care should have known, that the above-described advertising claims are false and/or misleading and are likely to deceive the public. Accordingly, Found's actions were willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

### (Cal. Bus. Prof. Code 17200 et seq. (the "UCL"))

240.    Plaintiffs reallege and incorporate by reference each of the above paragraphs as though fully set forth herein.

253.    Found's conduct alleged herein constitutes false designation of origin under 15 U.S.C. § 1125(a)(1)(A). Found's conduct thus constitutes willful and deliberate unfair competition in wanton disregard of Plaintiffs' valuable intellectual property rights. Upon information and belief, Found has profited from this infringement.

254.    Found's conduct alleged herein constitutes trademark infringement under 15 U.S.C. § 1114(a). Found's conduct thus constitutes willful and deliberate unfair competition in wanton disregard of Plaintiffs' valuable intellectual property rights. Upon information and belief, Found has profited from this infringement.

255.    Found's conduct alleged herein constitutes false advertising under 15 U.S.C. § 1125(a)(1)(B). Found's conduct thus constitutes willful and deliberate unfair competition in wanton disregard of Plaintiffs' right to have a competitive advantage by being the exclusive seller of authentic Contrave®. Upon information and belief, Found has profited from its misrepresentations.

256.    Pippen Defendants' conduct alleged herein constitutes aiding and abetting Found's false advertising and trademark infringement in violation of Cal. Bus. Prof. Code 17200. Upon information and belief, Found has profited from Pippen Defendants' aiding and abetting of its misrepresentations.

257.    Found's conduct alleged herein constitutes misbranding in violation of California Health & Safety Code §§ 111330 and 110398.  Found's conduct thus constitutes unfair competition in violation of Cal. Bus. Prof. Code 17200, harming consumers and damaging Plaintiffs' right to be the exclusive seller of the only FDA approved combination of Naltrexone and Bupropion for weight loss.  Upon information and belief, Found has profited from its unlawful misbranding.

258.    Pippen Defendants' conduct alleged herein constitutes aiding and abetting Found's misbranding in violation of Cal. Bus. Prof. Code 17200.  Upon information and belief, Found has profited from Pippen Defendants' aiding and abetting of its misbranding.

259.    Found's conduct alleged herein constitutes the CPOM in violation of Cal. Bus. Prof. Code § 2052(a).  Found's conduct constitutes unfair competition in violation of Cal. Bus. Prof. Code 17200, harming consumers and damaging Plaintiffs' right to be the exclusive seller of the only FDA approved combination of Naltrexone and Bupropion for weight loss.  Upon information and belief, Found has profited from its unlawful CPOM.

260.    Pippen Defendants' conduct as alleged herein constitutes willful and deliberate aiding and abetting in violation of Cal. Bus. Prof. Code § 2052(b).  Pippen Defendants' conduct constitutes unfair competition in violation of Cal. Bus. Prof. Code 17200 harming consumers and damaging Plaintiffs' right to be the exclusive seller of the only FDA approved combination of Naltrexone and Bupropion for weight loss.  Upon information and belief, Found has profited from the Pippen Defendants' aiding and abetting Found's unlawful CPOM.

261.    Found and the Pippen Defendants' conduct has directly and proximately caused and will continue to cause Plaintiffs substantial and irreparable injury, including customer confusion, injury to their reputation, loss of market share, diminution in value of their intellectual property and unless restrained, will continue to seriously and irreparably impair further the value of Contrave® Trademarks, for which there is no adequate remedy at law.

262.    In light of the foregoing, Plaintiffs are entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 et seq. restraining Found from engaging in further such unlawful conduct, as well as any and all other relief available under Section 17200.

**FIFTH CAUSE OF ACTION**

**(Cal. Bus. Prof. Code §§ 17500 et seq. (the "FAL"))**

263.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

264.    Found's false and misleading statements constitute false advertising in violation of Cal. Bus. & Prof. Code §§ 17500 et seq.

265.    Found's false and misleading statements of fact concerning the characteristics of its Found Combination as being Contrave®, Contrave® equivalent, or a Contrave® generic are material and are likely to influence consumers' purchasing decisions.

266.    To the extent it is being marketed as an alternative to Contrave®, the Found Combination directly competes with Plaintiffs in the relevant market and Found's false advertising claims have actually deceived or tended to deceive a substantial number of consumers in that market.

267.    Found's false and misleading advertising has caused and continues to cause irreparable injury to the public and to Plaintiffs' business, goodwill, and reputation and Plaintiffs have no adequate remedy at law.  Upon information and belief, Found's actions will continue if not enjoined.

268.    Pippen Defendants' conduct alleged herein constitutes aiding and abetting Found's false advertising in violation of Cal. Bus. Prof. Code § 17500.  Upon information and belief, Found has profited from Pippen Defendants' aiding and abetting of its misrepresentations.

269.    As a direct and proximate result of Found's false and misleading advertising, Plaintiffs have incurred damages in an amount to be proven at trial.

270.    In light of the foregoing, Plaintiffs are entitled to an injunction under Cal. Bus. & Prof. Code §§ 17500 et seq. restraining Found from engaging in further such unlawful conduct, as well as any and all other relief available under Section 17500.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1.    For an injunction:

a.    Pursuant to 15 U.S.C. § 1116, enjoining and restraining Found and its agents, affiliates, subsidiaries, parents, officers, directors, employees, assigns, and all persons in active concert or participation with them, from:

    i.    directly or indirectly using the Contrave® Trademarks or any colorable imitation thereof or any mark confusingly similar thereto;

    ii.    using or registering any trademark, service mark, trade or business name, domain name, social media username or handle, keyword, hashtag, vanity phone number, or attention-getting symbol that consists of or contains the Contrave® Trademarks or any colorable imitation thereof or any mark confusingly similar thereto; and

    iii.    directly or indirectly making any statement that misrepresents any of Found's products, including, but not limited to the Found Combination, as Contrave®, equivalent to Contrave®, or a Contrave® generic.

b.    Pursuant to 15 U.S.C. § 1118, ordering that all advertisements, standard customer communications, promotional materials, and any and all other products or material using the Contrave® Trademarks, or any colorable imitation thereof, or any other designation confusingly similar thereto, be removed, made inaccessible, and destroyed, as appropriate.

c.    Pursuant to Cal. Bus. & Prof. Code § 17203, ordering that Found and the Pippen Defendants be immediately enjoined from any further actions that represent the corporate practice of medicine in California.

d.    Pursuant to Cal. Bus. & Prof. Code § 17203, ordering that Found be immediately enjoined from any further off-label promotion of

1      the Found Combination for weight loss and that all advertisements,

2      standard customer communications, promotional materials, and

3      any and all other products or material representing such off-label

4      promotion be removed, made inaccessible, and destroyed, as

5      appropriate.

6      2.      For an order requiring Found to file with the Court and serve upon Plaintiffs

7  within fifteen (15) days after issuance of any injunction, a report in writing under oath setting

8  forth in detail the manner and form in which Found has complied with the injunction.

9      3.      For a judgment that:

10         a.      Found has violated Section 1114 of the Lanham Act;

11         b.      Found has violated Section 1125(a) of the Lanham Act as it relates

12                to false advertising;

13         c.      Found has violated Section 1125(a) of the Lanham Act as it relates

14                to false designation of origin;

15         d.      Found and has violated Cal. Bus. & Prof. Code §§ 17200 and

16                17500 et seq;

17         e.      Pippen Defendants have violated Cal. Bus. & Prof. Code § 17200;

18                and

19         f.      Found and Pippen Defendants have acted in bad faith, willfully,

20                intentionally, and/or with reckless disregard to Plaintiffs' rights.

21      4.      For an order awarding Plaintiffs:

22         a.      All profits derived by Found and Pippen Defendants' wrongful

23                acts complained of herein;

24         b.      All damages sustained by reason of Found and Pippen Defendants'

25                wrongful acts complained of herein;

26         c.      Plaintiffs' costs incurred in this action;

27         d.      Plaintiffs' reasonable attorneys' fees pursuant to 15 U.S.C. §

28                1117(a);

e.      Pre-judgment and post-judgment interest; and

f.      For an order granting Plaintiffs such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury on all claims and issues so triable.

Dated: January 19, 2024

Respectfully submitted,
/s/ John S. Worden
John S. Worden

**VENABLE LLP**
John S. Worden
jsworden@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Phone: (415) 653-3750

Christopher P. Borello (Pro Hac Vice Forthcoming)
cborello@venable.com
1270 Avenue of Americas, 24th Floor
New York, NY 10020
Phone: (212) 307-5500
Fax: (212) 307-5598

Leonard L. Gordon (Pro Hac Vice )
lgordon@venable.com
William C. Lawrence (Pro Hac Vice )
wclawrence@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Phone: (202) 344-4000
Fax: (202) 344-8300

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's CM/ECF system on January 19, 2024.


Dated: January 19, 2024                    */s/ William C. Lawrence*
                                           William C. Lawrence